IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>DARYL BRIAN WILLIAMS | Criminal Action No.<br><br>1:04-CR-00443-3-CC |

**Government Response to Motion to Terminate Supervised Release**

The United States of America, by John A. Horn, United States Attorney, and Nicholas N. Joy, Special Assistant United States Attorney for the Northern District of Georgia, files this response to the Defendant's pro se Motion to Terminate Supervised Release.

1. **Facts**

On December 29, 2004, the Defendant, Daryl Brian Williams, was convicted by a jury in the Northern District of Georgia of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Previously, on December 9, 2004, the Government had filed a notice of sentencing enhancement pursuant to 21 U.S.C. § 851 regarding a prior felony conviction for possession of cocaine in the Superior Court of Fulton County. On March 9, 2005, the Court sentenced the Defendant to 10 years of confinement to be followed by 8 years of supervised release.

On June 15, 2012, the Defendant was released from Bureau of Prisons custody and began his term of supervised release. According to the U.S. Probation Office,

the Defendant has never had his supervised release revoked and has never failed a drug test while on supervision. However, he was arrested on June 1, 2016 after being involved in an automobile accident. This alleged violation was reported to the Court but held in abeyance.

Under the terms of the Defendant's sentence, his supervised release is set to expire on June 14, 2020. On May 24, 2017, the Defendant filed a pro se Motion to Terminate Supervised Release After Completion of Five Years of Supervision Pursuant to Title 18 U.S.C. § 3583(e)(1).

**2. Legal Analysis**

18 U.S.C. § 3583(e)(1) allows a court to terminate a term of supervised release and discharge a defendant after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Supervised release was designed to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708-09 (2000). However, "these were not Congress's only goals" in instituting supervised release. *United States v. Reagan*, 162 Fed. Appx. 912, 914 (11th Cir. 2006). "[T]he nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, [and] uniformity of sentences among defendants committing the same types of crimes are all also considerations related to supervised release." *Id*. Within the Eleventh Circuit and the Northern District of Georgia, District Courts have stated that "early termination of a period of

supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior." *See*, *e.g.*, *United States v. Gladden*, 1:12-cr-334-WSD, 2015 U.S. Dist. LEXIS 145150, 5 (N.D. Ga. 2015).

In this case, the Defendant was sentenced to an 8-year term of supervised release, which was the minimum term required by statute after the Government filed its 21 U.S.C. § 851 sentencing enhancement on December 9, 2004. 21 U.S.C. § 841(b)(1)(B). The fact that Congress has mandated a minimum term of supervised release for crimes such as the one committed by the Defendant is an important pertinent government policy to consider. It also provides an important gauge of the seriousness with which Congress views such offenses and its concern with protecting the public.

Even without taking into consideration the mandatory minimum sentence of supervised release, the Defendant has not demonstrated that the interests of justice or his post-sentencing conduct warrant early termination of his supervised release. Currently, the Defendant has served only 5 years – less than two-thirds – of his adjudged 8-year term of supervised release. While the Government agrees that the Defendant has made strong efforts to comply with the terms of his release, he has not been perfect. The Defendant's probation record shows that he was arrested on June 1, 2016 after being involved in an automobile accident and that this violation was reported to the Court, though held in abeyance. In the Defendant's case, the exceptional measure of early termination of supervised release is not justified.

**Conclusion**

The Defendant has not demonstrated under 18 U.S.C. § 3583 that termination of his supervised release is warranted by exemplary post-release conduct or the interests of justice. Therefore, the Government respectfully requests that the Court not terminate the Defendant's supervised release at this time.

Respectfully submitted,

JOHN A. HORN
  *United States Attorney*

/s/NICHOLAS N. JOY
  *Special Assistant United States Attorney*
Provisionally admitted per Local Rule 83.1(A), NDGa.
Nicholas.joy@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

June 23, 2017

/s/ Nicholas N. Joy
Nicholas N. Joy
*Special Assistant United States Attorney*